UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OSCAR WILLIAM MALLORY,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE GIURBINO, WARDEN,<br><br>    Respondent. | Case No. CV 08-07151 JSL (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

**I. BACKGROUND**

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Oscar William Mallory ("Petitioner"), a state prisoner represented by retained counsel. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 2003 sentence of 18 years that he sustained following a jury trial in the California Superior Court for the County of Los Angeles (No. BA239382). (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition and relevant state court records[1/] show Petitioner sustained his underlying conviction for assault with a firearm with the personal use of a handgun on June 20, 2003, and sentence on July 10, 2003. (Pet. 2; No. BA239382; Official records of California courts.) On August 29, 2003, Petitioner filed a timely appeal with the California Court of Appeal contending that the court erred in excluding certain evidence and in sentencing him to the upper term for the assault, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (Pet. 2-3; No. B169815; Official records of California Courts.)  On September 23, 2004, the intermediate state appellate court affirmed the judgment of conviction, reversed the sentence based on *Blakely,* and remanded the case to the trial court for re-sentencing.  (*Id.*)

Subsequently, on October 26, 2004, Petitioner filed a petition for review challenging the trial court's sentencing decision with the California Supreme Court. (Pet. 3; No. S128784; Official records of California courts.)  On December 15, 2004, the state high court granted review with "[f]urther action . . . deferred pending consideration and disposition of a related issue in *People v. Black* . . . and *People v. Towne* . . . or pending further order of the court." (*Id.*)  Next, on September 7, 2005, the state high court remanded the case to the Court of Appeal "with directions to vacate its decision and to reconsider the cause in light of *People v. Black* (2005) 35 Cal. 4th 1238." (*Id.*)  Subsequently on remand, the Court of Appeal fully affirmed the judgment of conviction and sentence in a reasoned decision on December 2, 2005. (Pet. 3; Official records of California courts.)  Petitioner did not file a petition for review with the California Supreme Court. (*Id.*)  Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on January 11, 2006, the fortieth

---

[1/] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

day after his petition for review was denied upon remand by the intermediate appellate court and the date his time for filing a petition for review with the California Supreme Court expired. Cal. R. Ct. 8.264(b)(1); 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The limitation period then started to run the next day, January 12, 2006, and ended a year later on January 11, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not file the pending Petition until October 29, 2008[2] -- 657 days (nearly two years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C.   Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

---

[2]   Petitioner is not entitled to the benefit of the "mailbox rule" because he is represented by retained counsel; only *pro se* prisoners are entitled to the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

1 Further, to qualify for statutory tolling during the time the petitioner is pursuing
2 collateral review in the state courts, his *first* state habeas petition must be
3 constructively filed *before*, not after, the expiration of AEDPA's one-year limitation
4 period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254
5 does not permit the reinitiation of the limitation period that has ended before the state
6 petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that
7 filing of state petition after AEDPA's one-year time period has elapsed bars federal
8 habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A
9 state-court petition [] that is filed following the expiration of the limitations period
10 cannot toll that period because there is no period remaining to be tolled"); *Green v.*
11 *White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

12 Petitioner did not file his relevant[3] state habeas petition with the California
13 Supreme Court until December 5, 2007, 328 days after the expiration of the limitation
14 period. (Pet. 5-6; S158817; Official records of California courts.) Consequently,
15 Petitioner is not entitled to statutory tolling for this state habeas petition because the
16 petition was filed long after the limitation period expired. *See Moore v. Crosby*, 321
17 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not
18 revive the one-year limitation period if it has already expired); *see also Jimenez*, 276
19 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, the face
20 of the Petition and state court records establish that this Petition, filed on October 29,

---

[3] On April 23, 2004, while Petitioner's petition for review in the Court of Appeal was pending, he filed a separate habeas petition with the Court of Appeal raising a juror misconduct claim that was not previously presented on appeal or raised in the pending Petition. (Pet. 4; No. B174734; Official records of California courts.) On May 11, 2004, the Court of Appeal issued an order deferring consideration and determination of the petition so that it could be resolved in conjunction with the direct appeal. (*Id.*) Accordingly, this habeas petition has no separate tolling consequences because it relates to the petition for review in case number B169815 and was filed *before* Petitioner's judgment became final.

Page 5

2008, is untimely by 657 days (the amount of untolled time between the limitation deadline (01/11/07) and the Petition's filing date (10/29/08)).

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

The sentencing error claims in the Petition are premised on the United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 868 (2007). (Pet. 5.) Specifically, Petitioner principally argues that in light of *Cunningham*, which invalidated California's Determinate Sentencing Law ("DSL"), the trial court's imposition of the upper term sentence based upon aggravating factors that were neither found by the jury nor admitted by Petitioner violated his Sixth Amendment rights to a jury trial and to be found guilty by proof beyond a reasonable doubt as construed by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (*Id.*)

Petitioner's reliance on *Cunningham* is misplaced. Recently, the Ninth Circuit

found that *Cunningham* "did not announce a new rule of constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also Wright v. Dexter*, --- F.3d ---, No. 08-73272, 2008 WL 4558410, at, *1 (9th Cir. Oct. 14, 2008). More specifically, *Cunningham* "simply applied the rule of *Blakely*" to California's DSL and its result was dictated by *Apprendi* and *Blakely*. *Butler*, 528 F.3d at 634-39. Consequently, Petitioner is not entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

**O R D E R**

Based upon the foregoing, the Court finds the Petition and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **November 21, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///
///
///

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.  Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: November 07, 2008              /s/ Arthur Nakazato
                                       ARTHUR NAKAZATO
                                       UNITED STATES MAGISTRATE JUDGE